IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARK D. BRULL,**

                            **Plaintiff,**

           v.                               CASE NO. 09-3188-SAC

**KANSAS SOCIAL AND REHABILITATION SERVICES, et al.,**

                            **Defendants.**


**O R D E R**

    This matter is before the court on a civil rights complaint under 42 U.S.C. § 1983, filed pro se by a person involuntarily committed to the Sexual Predator Treatment Program at Larned State Hospital in Larned, Kansas. *See* Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* Having reviewed plaintiff's limited resources, the court grants plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    In this action, plaintiff seeks damages and injunctive relief from various institutions in his life until the age of eighteen. The defendants named in the complaint are: Kansas Department of Social and Rehabilitation Services (SRS), Kansas University Medical Center, Indian Trails Nursing Home, Capital City High School, Praire View, Inc., and St. Johns Military School. Plaintiff states he recently wrote his biography and now sees and understands the abuse he suffered at each facility.

    By proceeding in forma pauperis, plaintiff's complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which establishes that "the court shall dismiss the case at any time if the court

determines that ... the action ... is frivolous or ... fails to state a claim on which relief may be granted"). *See* <u>Lister v. Department of the Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005)(stating 28 U.S.C. § 1915(e)(2)(B) applies to nonprisoner IFP proceedings). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). While the pro se party's pleading is entitled to a liberal construction,[1] the court is not an advocate and will not allege additional facts or assert alternative legal theories for the pro se party. <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed.

It is well established that 42 U.S.C. § 1983 itself creates no substantive rights, but instead provides a remedy for deprivations of federal rights established elsewhere. <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985). To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. <u>West v. Atkins</u>, 487 U.S. 42, 48

---

[1]*See* <u>Van Deelen v. Johnson</u>, 497 F.3d 1151, 1152 n.1 (10th Cir. 2007)(pro se filings are entitled to solicitous construction)(citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

(1988). Plaintiff's bare allegations provide no factual or legal basis for plausibly finding that either requirement is satisfied in this case.

*No violation of rights under federal law*

Section 1983 does imposes no liability for violations of duties of care arising out of state tort law. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 201-03 (1989). To state a claim for relief under § 1983, a plaintiff must show a specific constitutional or federal guarantee that has been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976). In the present case, plaintiff generally states he was mistreated and/or provided inadequate care and treatment at various institutions while under the age of eighteen. These general allegations sound in tort, with remedies available in the state courts to the extent provided by state law, but state no cause of action under 42 U.S.C. § 1983.

*No "person acting under color of state law"*

Plaintiff names institutional rather than individual defendants, and seeks monetary relief. To the extent the named defendants are state entities such as SRS, plaintiff's claim for damages against a state agency is barred by the Eleventh Amendment. *See* Alabama v. Pugh, 438 U.S. 781, 782 (1978)(absent a state's consent, Eleventh amendment bars suit against a state or state agency). Additionally, a state agency, as an arm of the state, is not a "person" subject to liability under 42 U.S.C. § 1983. *See* Harris v. Champion, 51 F.3d 901, 905-06 (10th Cir. 1995)("Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of §

1983."); *see also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989).

Plaintiff also names private entities as defendants, alleged to be operating under color of state law.  Even if the court were to assume state action by each such defendant, plaintiff must still provide facts sufficient to establish: (1) he was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation.  *See* Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1110-11 (9th Cir. 2001)(applying requirements in Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-94 (1978), to state a claim under 42 U.S.C. §  1983 against a mun icipality or private entity performing a state function). *See also* Dubbs v. Head Start, Inc. , 336 F.3d 1194, 1216 (10th Cir. 2003)(cataloguing circuit court cases applying Monell to private entities).  However, plaintiff's bare and conclusory allegations of misconduct provide no factual basis for establishing that such  misconduct directly resulted from any defendant acting pursuant to a policy or custom to deprive plaintiff of his constitutional rights.

**Notice and Show Cause Order to Plaintiff**

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed because no factual or legal basis is provided for plaintiff to proceed under 42 U.S.C. § 1983 against any defendant for damages or injunctive relief.  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to

4

*→á↔^\↔ààÈÁÁ

ØÚÁØUÁÚÒÓÞÓÔŠÞÓÁŠÞŒÓÞÓŒÁ\åá\Á*→á↔^\↔ààøbÁ↑~\↔~^Áà~ãÁ→æá{æÁ\~*ã~´ææäÁ↔^Áà~ã↑áÁ*á|*æã↔bÁÇŒ~´ÈÁĞDÁ↔bÁ&ãá^\æäÈ

ØÚÁØUÁÔÛÞÚÒÓÞÁŠÞŒÓÞÓŒÁ\åá\Á*→á↔^\↔ààÁ ↔bÁ&ãá^\æäÁ\}æ^\]ÁÇG€Däá]bÁ\~Ábå~}Á´á|bæÁ}å]Á\åæÁ´~↑*→á↔^\Á bå~|→äÁ^~\Á âæÁä↔b↑↔bbæäÁáb àã↔{~→~|bÁá^äÁábÁb\á\↔^&Á^~Á´→á↔↑Áà~ãÁãæ↠æàÁ|^äæãÁHGÁÛÈUÈOÈÁ/ÁFÏÎĞÈ

**IT IS SO ORDERED.**

ŒNÚÓŒÌÁÁÚå↔bÁG€\åÁäá]Á~àÁS~{æ↑âæãÁG€€ÏÁá\ÁÚ~*æ←áÊÁPá^bábÈ

<u>ÁbÐÁUá↑ÁNÈÁOã~}ÁÁÁÁÁÁÁÁÁÁÁÁ</u>
UNRÁNÈÁOÞŠÙ
ÛÈUÈÁUæ^↔~ãÁŒ↔b\ã↔´\ÁÕ|ä&æ