IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK D. BRULL,**

                **Plaintiff,**

      **v.**                                                      **CASE NO. 09-3188-SAC**

**KANSAS SOCIAL AND REHABILITATION SERVICES, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a person involuntarily committed to the Sexual Predator Treatment Program at Larned State Hospital in Larned, Kansas, proceeds pro se and in forma pauperis on a civil rights complaint filed under 42 U.S.C. § 1983. By an order dated November 20, 2009, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. Before the court is plaintiff's motion for leave to amend the petition (Doc. 8), in which plaintiff states he intends to file an amended petition to cure deficiencies identified by the court, and seeks an extension of 60 to 90 days to submit the amended complaint.

Plaintiff of course is entitled to amend his complaint "once as a matter of course" prior to being served with defendants' response to the complaint. Fed.R.Civ. 15(a)(1)(A). Thus plaintiff's request for leave to amend his complaint is unnecessary.

Plaintiff's request for an extension of time to respond to the court's show cause order to avoid dismissal of the complaint, however, is within the discretion of the court. Under the circumstances, plaintiff's request for a two to three month

extension is unreasonable where plaintiff generally complains of inadequate access to legal resources and assistance, but identifies no immediate future change in his circumstances. Instead, the court finds it more appropriate to grant plaintiff a limited extension of time, subject to the instant complaint being dismissed without prejudice to refiling after plaintiff is able to draft a new complaint that addresses deficiencies in the instant complaint. Because plaintiff proceeds pro se in this matter and is not a "prisoner" subject to the fee obligations imposed by 28 U.S.C. § 1915(b), dismissal of the instant complaint without prejudice will not impose any financial burden on plaintiff.

Accordingly, the court grants plaintiff's request for an extension of time, but limits the extension to twenty days from the date of this order. Plaintiff's failure to file an amended complaint within that extended period may result in the instant complaint being dismissed without further prior notice to plaintiff, and without prejudice to plaintiff refiling a new complaint.

IT IS THEREFORE ORDERED that plaintiff's motion for an extension of time to file an amended complaint is granted, and that plaintiff is granted twenty (20) days from the date of this order to file an amended complaint in response to the show cause order on November 20, 2009.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2009 at Topeka, Kansas.

                                             s/ Sam A. Crow
                                             SAM A. CROW
                                             U.S. Senior District Judge