IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK D. BRULL,

          Plaintiff,

    v.                                 CASE NO. 09-3188-SAC

KANSAS SOCIAL AND REHABILITATION SERVICES, et al.,

          Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis seeking relief on allegations concerning various institutions in his life until the age of eighteen.[1]

Plaintiff initiated this action with a complaint filed under 42 U.S.C. § 1983, seeking damages from the Kansas Department of Social and Rehabilitation Services, Kansas University Medical Center, Indian Trails Nursing Home, Capital City High School, Praire View, Inc., and St. Johns Military School. The court reviewed plaintiff's materials and directed plaintiff to show cause why the complaint should not be summarily dismissed as frivolous, or as failing to state a claim for relief under § 1983 because plaintiff's allegations failed to plausibly establish any cognizable claim against the named defendants. See 28 U.S.C. § 1915(e)(2)(B)(ii); *Lister v. Department of the Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(stating § 1915(e)(2)(B) applies to nonprisoner in forma

---

[1] Plaintiff filed this action while involuntarily committed to the Sexual Predator Treatment Program at Larned State Hospital in Larned, Kansas. *See* Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.*

pauperis proceedings).

Specifically, the court found plaintiff's allegations of mistreatment and inadequate care at various institutions while under the age of eighteen generally sounded in tort with remedies available in the state courts to the extent provided by state law, but stated no cause of action under § 1983. The court further found plaintiff's claims for relief from any state agency were barred by the Eleventh Amendment, and found no factual or legal basis for establishing the private entities named as defendants had acted "under color of state law" for the purpose of proceeding under § 1983.

In response plaintiff filed an amended complaint seeking both injunctive relief and damages.[2] Plaintiff now names most of the same state agencies and private institutions,[3] and adds the State of Kansas and numerous individuals as defendants. Plaintiff's allegations continue to center on events occurring between 1985 and 1992, and plaintiff continues to state he did not understand the abuse he suffered until he wrote his biography in 2009.

Rather than citing 42 U.S.C. § 1983 as the basis for his amended "civil rights complaint," plaintiff now alleges a number of state and federal statutes other than § 1983. However, because plaintiff also cites the First, Fourth, Fifth, and Fourteenth

---

[2]To the extent plaintiff filed a motion seeking leave to amend the complaint (Doc. 8), said motion is granted. See Fed.R.Civ.P. Rule 15(a)(1)(A)(plaintiff may amend his complaint "once as a matter of course" prior to being served with defendants' response to the complaint).

[3]Plaintiff now identifies a date range for each agency or institution, and no longer names Capital City High School as a defendant.

2

Amendments to the United States Constitution in reference to Count 3 in the amended complaint, the court liberally construes the pro se pleading as continuing to allege § 1983 as a basis for seeking relief in federal court.[4] See *West v. Atkins*, 487 U.S. 42, 48 (1988)(42 U.S.C. § 1983 provides a remedy for the deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States).

Having reviewed the amended complaint, the court finds dismissal of this action is appropriate.

To the extent plaintiff names the State of Kansas, state agencies, or any state official acting in their official capacity as a defendant, relief in federal court remains barred by the Eleventh Amendment.[5] See *Green v. Mansour,* 474 U.S. 64, 68 (1985); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Also, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995); see also *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

To the extent plaintiff seeks relief on the basis of various

---

[4] The court also notes that plaintiff identifies his amended complaint in a running footer as a "CIVIL RIGHTS COMPLAINT § 1983."

[5] While the Eleventh Amendment does not necessarily bar valid claims for prospective injunctive relief, plaintiff lacks standing to seek enactment of rules and regulations to be enacted "to prevent the future ruining of children and youth at the hands of negligent care takers." (Doc. 10 p. 27.) Plaintiff also asks the court to "[f]orce the Defendants to provide Plaintiff specialized, state of the art treatment to ensure he may have a chance to get well and better and resume his life." (Id.) Plaintiff's bare request in the amended complaint for class certification is denied.

state statutes plaintiff cites for Count 1 concerning the care and treatment of mentally ill persons, or concerning the regulation and licensing of professionals, hospitals, children's homes, and adult care homes, or on the basis of provisions in the Kansas Constitution cited for Count 3, plaintiff alleges no factual basis for establishing a plausible cause of action under federal law for these alleged violations of state law. See also *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)(nursing home placement and transfer decisions did not constitute state action for purposes of Fourteenth Amendment due process requirements); *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982)(acts of private contractors do not become acts of government by reason of their significant or even total engagement in performing public contracts); *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir.2000)(submission by licensed private physician of affidavit in support of involuntary-commitment proceedings is not state action); *Ward v. St. Anthony Hosp.*, 476 F.2d 671, 675 (10th Cir.1973)(action by private hospital subject to "intricate state regulation" is not state action).

Nor is plaintiff's bare reference to various federal statutes for Count 2 sufficient to establish any plausible cause of action under federal law. The Supreme Court has explained that "naked assertions devoid of further factual enhancement" are insufficient to state a claim for relief, and that a sufficient claim "requires more than labels and conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quotation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

And significantly, although plaintiff details specific instances occurring during his placement in various homes or

4

facilities before he turned eighteen years old, he identifies no specific action taken by any named defendant at any particular time. Instead, plaintiff broadly alleges "defendants" acted "unlawfully, willfully, and negligently" in placing plaintiff in various facilities, caring for his needs, and protecting him from abuse. This is insufficient to give any defendant fair notice of the theory under which a claim is being made against them. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). See also Fed.R.Civ.P. 8(a).

Finding no cognizable cause of action is presented under federal law, the court declines to exercise its supplemental jurisdiction over any claim that might arise under state law. See 28 U.S.C. § 1367(c)(3)(stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction"). Accordingly, for the reasons stated herein and in the show cause order entered on November 20, 2009, the court concludes the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to plaintiff pursuing whatever relief might be available in the state courts under state law.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint (Doc. 8) is granted pursuant to Fed.R.Civ.P. 15(a)(1)(A).

IT IS FURTHER ORDERED that the amended complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for issuance of summons (Doc. 6), motion for appointment of the United States Marshal Service to serve summons and complaint (Doc. 5), and motion

5

for appointment of counsel (Doc. 11) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 22nd day of September 2010 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge